**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| | ) | |
| LA ROCHE-POSAY, LLC, and | ) | Removed from the Circuit Court |
| L'OREAL, INC., and JOHN DOES 1-10 | ) | of Cook County, Illinois |
| Defendant. | ) | 10 CH 52438 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1441 and §1446, Defendant LA ROCHE-POSAY, LLC, by its attorneys Ice Miller, LLP, for its Notice of Removal states as follows:

1.    On December 10, 2010, Plaintiff filed an action in the Circuit Court of Cook County, Illinois, captioned *Glen Ellyn Pharmacy, Inc. v. La Roche-Posay, LLC, et al.,* No. 10 CH 52438 (the "State Court Action").

2.    The complaint in the State Court Action contains three counts. Count I purports to state a claim under a federal statute, the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. §227. Count II is brought under the Illinois Consumer Fraud Act and Count III purports to state a claim for conversion. Plaintiff alleges that La Roche-Posay sent unsolicited faxes to the plaintiff and the putative class in violation of the TCPA. Plaintiff seeks to bring this action as a class action.

3.    Plaintiff served La Roche-Posay with the summons and the complaint from the State Court Action on January 11, 2011. A copy of the summons and complaint in the State Court Action are attached hereto as Exhibit 1, pursuant to 28 U.S.C. §1446(a). At the time of filing the complaint, Plaintiff's also filed a motion for class certification which is attached hereto as Exhibit 2. No other process, pleadings or orders have been served on La Roche-Posay in the

State Court Action. Accordingly, this Notice of Removal is timely under 28 U.S.C. §1446(b), as it is filed within thirty days after La Roche-Posay was served with a copy of the Initial Pleading setting forth the claim for relief upon which this action is based.

4.      Removal of the State court Action to this Court is proper pursuant to 28 U.S.C. §1441(a). This Court has original federal question subject matter jurisdiction over the claim brought in the State Court Action under 28 U.S.C. §1331 because it asserts a claim under the TCPA, which is a law of the United States. It is well recognized in this Circuit that federal courts have federal question jurisdiction over TCPA claims. *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 451 (7th Cir. 2005).

5.      This Notice of Removal is timely under 28 U.S.C. §1446(b) in that it was filed within thirty days after service of the summons and complaint on La Roche-Posay on January 11, 2011.

6.      La Roche-Posay will give prompt written notice of the filing of this Notice of Removal to counsel for plaintiff, and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Cook County, as provided by 28 U.S.C. §1446(d).

**WHEREFORE,** La Roche-Posay requests that the State Court Action be removed to this Court, and that this Court issue any order or process as may be necessary to bring it before all parties to the State Court Action, pursuant to 28 U.S.C. §1447(a).

Respectfully submitted,

**LA ROCHE-POSAY, LLC**

By: __/s/ Thomas J. Hayes_____
One of its Attorneys

Bart T. Murphy (ARDC No.: 6181178)
Thomas J. Hayes (ARDC No.: 6280179)
**ICE MILLER LLP**
2300 Cabot Dr., Suite 455
Lisle Illinois 60532
630-955-6392

2

# EXHIBIT 1

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

GLEN ELLYN PHARMACY, INC.,          )
                                    )
      Plaintiff,                    )
                                    )
      v.                            )
                                    )
LA ROCHE-POSAY, LLC, and            )
L'OREAL, INC., and                  )
JOHN DOES 1-10,                     )
                                    )
      Defendants.                   )

10 CH 52438

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.     Plaintiff Glen Ellyn Pharmacy, Inc., brings this action to secure redress for the actions of defendant La Roche-Posay, LLC, and L'Oreal, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

**PARTIES**

2.     Plaintiff Glen Ellyn Pharmacy, Inc., is a corporation with offices in the Chicago metropolitan area, where it maintains telephone facsimile equipment.

3.     Defendant La Roche-Posay, LLC, is a New York limited liability company that has offices at 112 Madison Avenue, 12th Floor, New York, New York 10016.

4.     Defendant L'Oreal, Inc., is a New York corporation that has offices at 112 Madison Avenue, 12th Floor, New York, New York 10016.

5.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

1

## JURISDICTION AND VENUE

6.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.     Have transacted business in Illinois.

## FACTS

7.     On November 23, 2010, plaintiff Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.     Discovery may reveal the transmission of additional faxes as well.

9.     Defendant La Roche-Posey, LLC and L'Oreal, Inc., are responsible for the actions of the individuals who sent the faxes.

10.    Defendant La Roche-Posey, LLC and L'Oreal, Inc., as the entities whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes. La Roche-Posey is held out as a brand of L'Oreal, Inc.

11.    Each fax refers to websites used by defendants La Roche-Posey, LLC and L'Oreal, Inc.

12.    Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

13.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

14.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

15.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

16.    Furthermore, the "opt out notice" required by the TCPA even when faxes

2

are sent with consent or pursuant to an established business relationship was not provided in the
faxes at issue.

## COUNT I – TCPA

17.    Plaintiff incorporates ¶¶ 1-16.

18.    The TCPA makes unlawful the "use of any telephone facsimile machine,

computer or other device to send an unsolicited advertisement to a telephone facsimile machine

..." 47 U.S.C. §227(b)(1)(C).

19.    The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court
of a State, bring in an appropriate court of that State–**

**(A) an action based on a violation of this subsection or the regulations
prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a
violation, or to receive $500 in damages for each such violation,
whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this
subsection or the regulations prescribed under this subsection, the court
may, in its discretion, increase the amount of the award to an amount equal
to not more than 3 times the amount available under the subparagraph (B) of
this paragraph.**

20.    Plaintiff and each class member suffered damages as a result of receipt of

the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore,

plaintiff's statutory right of privacy was invaded.

21.    Unsolicited fax advertising damages the recipients. The recipient is

deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes

valuable time it would have spent on something else. Unsolicited faxes prevent fax machines

from receiving and sending authorized faxes, cause wear and tear on fax machines, and require

labor to attempt to identify the source and purpose of the unsolicited faxes.

3

22. Plaintiff and each class member is entitled to statutory damages.

23. Defendants violated the TCPA even if their actions were only negligent.

24. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

25. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant La Roche-Posey, LLC and L'Oreal, Inc., promoting their goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

26. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

27. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b. The manner in which defendants compiled or obtained their list of fax numbers;

c. Whether defendants thereby violated the TCPA;

d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

e. Whether defendants thereby converted the property of plaintiff.

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which

4

might cause them not to vigorously pursue this action.

29.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

30.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(1)     Actual damages;

(2)     Statutory damages;

(3)     An injunction against the further transmission of unsolicited fax advertising;

(4)     Costs of suit;

(5)     Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

31.     Plaintiff incorporates ¶¶ 1-16.

32.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

33.     Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

34.     Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

35.     Plaintiff and each class member suffered damages as a result of receipt of

5

the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

36.    Defendants engaged in such conduct in the course of trade and commerce.

37.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

38.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

39.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

40.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant La Roche-Posey, LLC and L'Oreal, Inc., promoting their goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

41.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

42.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

6

a.    Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby engaged in unfair acts and practices, in

violation of the ICFA.

d.    Whether defendants thereby converted the property of plaintiff.

43.    Plaintiff will fairly and adequately protect the interests of the class.
Plaintiff has retained counsel experienced in handling class actions and claims involving
unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which
might cause them not to vigorously pursue this action.

44.    A class action is an appropriate method for the fair and efficient
adjudication of this controversy. The interest of class members in individually controlling the
prosecution of separate claims against defendants is small because it is not economically feasible
to bring individual actions.

45.    Management of this class action is likely to present significantly fewer
difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of
plaintiff and the class and against defendants for:

(1)    Appropriate damages;

(2)    An injunction against the further transmission of
unsolicited fax advertising;

(3)    Attorney's fees, litigation expenses and costs of suit;

(4)    Such other or further relief as the Court deems just and
proper.

## COUNT III – CONVERSION

46.    Plaintiff incorporates ¶¶ 1-16.

7

47. By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

48. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

49. By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

50. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

51. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

52. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

53. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant La Roche-Posey, LLC and L'Oreal, Inc., promoting their goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

54. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

55. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

8

      a.    Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

      b.    Whether defendants thereby violated the TCPA;

      c.    Whether defendants thereby committed the tort of conversion;

      d.    Whether defendants thereby engaged in unfair acts and practices, in

violation of the ICFA.

      e.    Whether defendants thereby converted the property of plaintiff.

      56.    Plaintiff will fairly and adequately protect the interests of the class.
Plaintiff has retained counsel experienced in handling class actions and claims involving
unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which
might cause them not to vigorously pursue this action.

      57.    A class action is an appropriate method for the fair and efficient
adjudication of this controversy. The interest of class members in individually controlling the
prosecution of separate claims against defendants is small because it is not economically feasible
to bring individual actions.

      58.    Management of this class action is likely to present significantly fewer
difficulties that those presented in many class actions, e.g. for securities fraud.

      WHEREFORE, plaintiff requests that the Court enter judgment in favor of
plaintiff and the class and against defendants for:

      (1)    Appropriate damages;

      (2)    An injunction against the further transmission of
           unsolicited fax advertising;

      (3)    Costs of suit;

      (4)    Such other or further relief as the Court deems just and
           proper.

9

Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\25180\Pleading\Complaint_Pleading-0001.wpd

10

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

11

# EXHIBIT A



# LA ROCHE-POSAY
### LABORATOIRE DERMATOLOGIQUE

## ANTHELIOS: The partner of the pharmacists

### Did you know:

> 47% of prescriptions are photosensitizing[1]
> The pharmacist has an increasing critical role including patient counseling
> 44% of the adults declare to suffer from allergies/intolerances; 78% of allergies manifest into visible signs on the skin

### Introducing La Roche-Posay:

A pioneer in UV protection research for over 15 years, La Roche-Posay, with **ANTHELIOS,** is trusted by dermatologists worldwide for its advanced formulations in UVA protection.

### Now available: **ANTHELIOS**

> A leader in UVA protection
> Advanced patented technologies in revolutionary textures
> #1 skincare at drugstores[2]
> Products provide a high margin at retail

### Our mission is to deliver:

> Superior UVA protection
> Broad-spectrum coverage (UVA & UVB)
> Increased compliance through elegant textures[3]
> High photostability, longer-lasting protection[4]
> Suncare products to compliment photosensitive prescriptions

For more information:

Kelli A. Rodriguez, La Roche-Posay
KARodriguez@us.loreal.com

www.laroche-posay.us

[1] Data on file
[2] IRI data ending 2/21/10
[3] Compliance is defined as actual usage appropriate dosage
[4] Longer-lasting than rel-osoc Tbed sunscreens.







# LA ROCHE-POSAY
LABORATOIRE DERMATOLOGIQUE

## ANTHELIOS A leader in high UVA protection.
Advanced patented sunscreen technologies in revolutionary textures.

---

### Daily

## ANTHELIOS SX
Daily moisturizer with sunscreen

- Effective UVA and UVB protection with MEXORYL™ SX for daily use
- SPF 15 + high UVA
- Photostable, longer-lasting protection
- Non-acnegenic
- 24-hour hydration, light, oil-free formula



Cardinal    Kinray
DIN# 733798A   Item# 499-558

---

### Sun-sensitive/Children

## ANTHELIOS 40
Sunscreen cream with SPF 40

- Effective UVA and UVB protection with MEXORYL™ SX for sun-sensitive skin and children
- SPF 40 + high UVA
- Photostable, longer-lasting protection
- Suitable for photosensitive skin types
- Fast-absorbing, dry finish formula



Cardinal    Kinray
DIN# 4338521   Item# 491-752

---

### Outdoor

## ANTHELIOS
Sunscreen with CELL-OX SHIELD™

- Effective UVA and UVB protection with CELL-OX SHIELD™ for outdoor use²
- SPF 45 & SPF 60 available + high UVA
- Photostable, longer-lasting protection
- Water resistant
- Breakthrough, fast-absorbing formulas

3 formulas for face:



2 formulas for body:



Cardinal   DIN# 4243091    DIN# 4338455   DIN# 4338460     DIN# 4338536   DIN# 433n647
Kinray    Item# 492-670   Item# 493-796   Item# 493-034     Item# 492-710   Item# 492-070

---

[All ANTHELIOS products are fragrance-free, non-comedogenic, PABA-free, allergy-tested, and tested on sensitive skin.]

[1] La Roche-Posay has offered acceptable UVA protection with Mexoryl™ in UV protection products for 15 years worldwide, Anthelios SX and Anthelios 15 have been available in the US since 2006.
[2] ANTHELIOS 60 does not contain Mexoryl™ SX (ecamsule).

LA ROCHE-POSAY. COMMITTED TO DERMATOLOGY.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(8/01/08) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____ CHANCERY _____ DIVISION

No. ___10 CH 52438___

Glen Ellyn Pharmacy, Inc.,
_____
(Name all parties)

v.

LA ROCHE-POSAY, LLC, and L'OREAL, INC.,
and JOHN DOES 1-10

La Roche-Posay, LLC
c/o Corporation Service Company,
Registered Agent, or Other Authorized
Individual
80 State Street
Albany, NY 12207

### ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _802_____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle St., Suite 1800

City/State/Zip: Chicago, IL 60603

Telephone: (312) 739-4200

WITNESS, _____

_____
Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

_____
(Area Code) (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# EXHIBIT 2

C/93307.1

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

GLEN ELLYN PHARMACY, INC., )
                                   )          10CH52438
        Plaintiff, )
                                     )
       v. )
                                       )
LA ROCHE-POSAY, LLC, and )
L'OREAL, INC., and )
JOHN DOES 1-10, )
                                       )
        Defendants. )

## NOTICE OF FILING

**TO:**    Please see Certificate of Service.

        **PLEASE TAKE NOTICE** that on December 10, 2010, I caused to be filed with the Clerk of the Court for the Circuit Court of Cook County, Chancery Division, the following document: **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**, a copy of which is attached hereto and hereby served upon you.

                                               _Julie Clark_

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200 (p)
(312) 419-0379 (f)

**CERTIFICATE OF SERVICE**

I, Julie Clark, certify that I had a copy of the foregoing document sent on December 10, 2010, by hand delivery via process server, to:

La Roche-Posay, LLC
c/o Registered Agent or other Authorized
Individual
112 Madison Avenue, 12th Floor
New York, New York 10016

L'Oreal, Inc.
c/o Registered Agent or other Authorized
Individual
112 Madison Avenue, 12th Floor
New York, New York 10016

Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200 (p)
(312) 419-0379 (f)

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

GLEN ELLYN PHARMACY, INC.,               )
                                          )       **10CH52438**
        Plaintiff,                        )
                                          )
        v.                                )
                                          )
LA ROCHE-POSAY, LLC, and                  )
L'OREAL, INC., and                        )
JOHN DOES 1-10,                           )
                                          )
        Defendants.                       )

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, Glen Ellyn Pharmacy, Inc., respectfully requests pursuant to 735 ILCS

5/2-801 et seq., that this Court certify the following classes, as described in Plaintiff's Class

Action Complaint:

> All persons and entities (1) who, on or after December 10, 2006, and on or before
> December 30, 2010, or such shorter period during which faxes were sent by or on
> behalf of defendants La Roche-Posay, LLC, and L'Oreal, Inc., and John Does 1-
> 10, (2) were sent faxes by or on behalf of defendants La Roche-Posay, LLC, and
> L'Oreal, Inc., and John Does 1-10 promoting its goods or services for sale (3) and
> who were not provided an "opt out" notice that complies with federal law.
> *(Count I)*

> All persons and entities with Illinois fax numbers (1) who, on or after December
> 10, 2007, and on or before December 30, 2010, or such shorter period during
> which faxes were sent by or on behalf of defendants La Roche-Posay, LLC, and
> L'Oreal, Inc., and John Does 1-10, (2) were sent faxes by or on behalf of
> defendants La Roche-Posay, LLC, and L'Oreal, Inc., and John Does 1-10
> promoting its goods or services for sale (3) and who were not provided an "opt
> out" notice that complies with federal law. *(Count II)*

> All persons and entities with Illinois fax numbers (1) who, on or after December
> 10, 2005, and on or before December 30, 2010, or such shorter period during

1

which faxes were sent by or on behalf of defendants La Roche-Posay, LLC, and L'Oreal, Inc., and John Does 1-10, (2) were sent faxes by or on behalf of defendants La Roche-Posay, LLC, and L'Oreal, Inc., and John Does 1-10 promoting its goods or services for sale (3) and who were not provided an "opt out" notice that complies with federal law. *(Count III)*

Several courts have certified class actions under the TCPA: *Sadowski v*

*Med1Online, LLC.* 2008 U.S. Dist. LEXIS 12372 (N.D. Ill. May 27, 2008) *Hinman v. M & M*

*Rental Ctr.*, 521 F. Supp.2d 739 (N.D. Ill. Apr. 7, 2008) (for litigation purposes); *Display South,*

*Inc. Express Computer Supply, Inc.*, 961 So.2d 451 (La. App. 2007); *Lampkin v. GGH, Inc.*, 146

P.3d 847 (Ok. App., 2006); *Rawson v. C.P. Partners d/b/a Comfort Inn-O'Hare*, 03 CH 15165

(Cook Co. Cir. Ct.); *Telecommunications Design Network v. McLeodUSA, Inc.*, 03 CH 8477

(Cook Co. Cir. Ct.); *CE Design v. Trade Show Network Marketing Group, Inc.*, No. 03 CH K

964 (Cir. Ct. Kane Co., Dec. 2, 2004); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03

CH14510 (Cook Co. Cir. Ct .); *Bogot v. Olympic Funding Chicago*, No. 03 CH 11887 (Cook Co.

Cir. Ct.); *Stonecrafters, Inc. v. Wholesale Life Ins. Brokerage, Inc.*, 03 CH 435 (McHenry Co.

Cir. Ct.); *Rawson v. Robin Levin d/b/a The Ridgewood Organization*, 03 CH 10844 (Cook Co.

Cir. Ct.) (for settlement purposes); *Kerschner v. Answer Illinois, Inc.*, 03 CH 21621 (Cook Co.

Cir. Ct.) (for settlement purposes); *Kerschner v. Murray and Trettel, Inc.*, 03 CH 21621 (Cook

Co. Cir. Ct.) ( for settlement purposes); *Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation*

*Graphic System, Inc.*, 03 CH 15167 (Cook Co. Cir. Ct.) ( for settlement purposes); *Law Office of*

*Martha J. White, P.C. v. Morrissey Agency Inc.*, 03 CH 13549 (Cook Co. Cir. Ct.) (for settlement

purposes); *Kerschner v. Fitness Image, Inc.*, 04 CH 00331 (Cook Co. Cir. Ct.) (for settlement

purposes); *INSPE Associates, Ltd., v. Charter One Bank*, 03 CH 10965 (Cook Co. Cir. Ct.) (for

settlement purposes); *Bernstein v. New Century Mortgage Corp.*, 02 CH 06907 (Cook Co. Cir.

2

Ct.) (for settlement purposes); *Gans v Seventeen Motors, Inc.*, 01-L-478 (Madison Co. Cir. Ct.) (for settlement purposes); *Telecommunications Network Design, Inc. v. Paradise Distributing, Inc.*, 03 CH 8483 (Cir. Ct. Cook Co., Feb. 1, 2006); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *General Repair Services of Central Indiana, Inc. v. Soff-Cut International, Inc.*, 49D03-0109-CP-1464 (Marion Co., Ind. Super. Ct., Feb. 22, 2002); *Gold Seal v. PrimeTV*, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002); *Kenro, Inc. v. APO Health, Inc.*, No. 49D12-0101-CP-000016 (Ind. Nov. 3, 2001) (same); *Biggerstaff v. Ramada Inn and Coliseum*, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000); *Biggerstaff v. Marriott International, Inc.*, 99-CP-10-001366 (C.P. S.C., Feb 20, 2000); *WPS, Inc. v. Lobel Financial, Inc.*, No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); *Syrett v. Allstate Ins. Co.*, No. CP-02-32-0751 (S.C.C.P. Aug. 12, 2003) (same); *Lipscomb v Wal-Mart Stores, Inc.*, No. 01-CP-20-263 (S.C.C.P. June 26, 2003) (same); *Battery, Inc. v. United Parcel Service, Inc.*, No. 01-CP-10-2862 July 26, 2002) (same); *Jemtola v. XYZ Corp.*, No. 411237 (C.P. Ohio, Dec. 21, 2001)(same); *Salpietro v. Resort Exchange International*, No. GD00-9071 (Allegheny Co. C.P.)(same); *Chaturvedi v. JTH Tax, Inc.*, No. CD-01-008851 (Pa. C.P. Oct 1, 2001) (same); *Dubsky v Advanced Cellular Communications, Inc.*, No. 2004 WL 503757 (Ohio C.P. Feb. 24, 2004) (same); *Inhance Corp. v. Discount Vacation Rentals*, No. LALA 004377 (Iowa Dist. Jan. 5, 2001) (same); *Inhance Corp. v. Special T Travel Services, Inc.*, No. LALA 004362 (Iowa Dist. Dec. 8, 2000) (same). Several others were certified in a Louisiana federal court, against Kappa Publishing Group, Monroe Systems, and Satellink Paging (The Advocate, Capital City Press,

3

Dec. 28, 2005, p. 1).

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order

pursuant to 735 ILCS 5/2-801, certifying the classes set forth above.

Respectfully submitted,

Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200 (p)
(312) 419-0379 (f)

4