UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC.,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | No. 11 C 968 |
| v.     ) | |
| ) | Honorable William T. Hart |
| LA ROCHE-POSAY, LLC, L'OREAL, INC.     ) | |
| and JOHN DOES 1-10     ) | |
| ) | |
| Defendants.     ) | |

**PLAINTIFF'S SUPPLMENTAL MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS**

On May 5, 2011, Plaintiff presented its Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Settlement Class. [Dkt No. 19] In response to the Court's Order May 5, 2011 [Dkt No. 22] and inquiries addressed to Counsel related thereto, Glen Ellyn Pharmacy, Inc. ("Plaintiff") submits this Supplemental Memorandum in further support of Plaintiff's Unopposed Motion for Preliminary Approval and request that the Court enter an order: (i) certifying a class for settlement purposes; (ii) granting preliminary approval of the Class Settlement Agreement; (iii) Glen Ellyn Pharmacy, Inc. as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") as Class Counsel; and (iv) approving the revised proposed notices for distribution to the settlement class. Specifically, Plaintiff state as follows:

1.     Glen Ellyn Pharmacy, Inc. sued Defendants, La Roche-Posay, LLC ("Defendant") and L'Oreal, Inc. alleging that they violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and state law. L'Oreal, Inc. is not an existing entity and only La

1

Roche-Posay, LLC appeared in this case and the facsimile involved was an advertisement for a La Roche-Posay product.

2. Counsel for Plaintiff and Defendants have reviewed and analyzed the legal and factual issues presented in the Litigation, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the Litigation the likelihood, costs and possible outcomes of one or more procedural and substantive appeals and the potential difficulties associated with collecting a judgment if one were secured. Based upon their respective review and analysis, and after arms-length, good faith negotiations, the Parties have entered into the Agreement, attached hereto as Appendix A.

3. The Parties desire to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and as set forth, in part, herein:

    a. Class Certification. The parties agreed to certification of a class for settlement purposes only, consisting of:

> All persons and entities throughout the United States who during November 2010 were sent facsimile advertisements similar to Exhibit A to the Complaint, by or on behalf of La Roche-Posay, LLC or its parent(s) or related entities, promoting Anthelios sunscreen products. (the "Settlement Class").

The class as defined above includes no more than 7,143 persons and entities who were each sent one fax during the relevant period.

    b. Relief to Plaintiff and the Class.

        (1) Settlement Fund of $1,000,000.00

Defendant La Roche-Posay, LLC has agreed to pay $1,000,000.00 to settle the claims of Plaintiff and the Class. Each Class Member who does not exclude himself, herself or

itself and who timely and properly returns a participation form, will receive a *pro rata* share of the class recovery up to $500, after deductions are made for: (i) payment to the Plaintiff in an amount to be determined by the Court at Final Approval but not to exceed $5,000; and (ii) attorney's fees and costs (inclusive of costs related to notice and settlement administration) not to exceed 30% of the settlement fund. In no event shall such deductions *in total* shall not exceed a maximum of $305,000.00.

(2) Class Member Recovery

The Telephone Consumer Protection Act, 47 U.S.C. §227(b)(3), provides, in part:

**(b) Restrictions on use of automated telephone equipment**
   **(1) Prohibitions**
   **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
\* \* \*
   **(C) to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine…**

Further relevant portions of the statute provide:

**Private right of action.**
**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
   **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
   **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
   **(C) both such actions.**
**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

To prevail on a claim under the TCPA, a plaintiff must show that defendant: "(1)

3

used a telephone facsimile machine, computer or other device to send a facsimile; (2) the facsimile was unsolicited; and (3) the facsimile constituted an advertisement." *Hinman v. M and M Rental Center, Inc.*, 545 F.Supp.2d 802, 805 (N.D.Ill.2008).

According to the Parties' proposed settlement, all amounts remaining in the Settlement Fund subsequent to the deductions made for the Plaintiff and for attorney's fees and costs shall be distributed on a pro rata basis among class members submitting valid claims. Based on experience of Class Counsel, the typical rate of class member participation in this type of action is 10%-15% and, in this settlement, would yield close to the statutory $500 damage amount per class member. In fact, the *highest* rate of participation seen has been 31.7% in an action where numerous retail pharmacy chains submitted aggregated claims on behalf of multiple stores (the class consisted of pharmacies). In this action, with a minimum of approximately 70% of the Settlement Fund or $695,000 remaining to be distributed, the typical rates of participation would yield the following results for the class members:

| | | |
|---|---|---|
| 10% | 714 Class Members receiving | $500.00 |
| 15% | 1071 Class Members receiving | $500.00 |
| 20% | 1428 Class Members receiving | $486.69 |
| 25% | 1785 Class Members receiving | $389.35 |
| 30% | 2142 Class Members receiving | $324.46 |

Examples of other TCPA cases litigated by class counsel and settled on a class basis in the Northern District of Illinois and Cook County Circuit Courts include: <u>Ballard Nursing Center, Inc. v. Southern Life Systems, Inc.</u>, 09 C 1000 (N.D. Ill.) (166 of 7,660 class members submitting claims); <u>Sadowski v. Med1 Online, LLC</u>, 07 C 2973 (N.D. Ill.) (562 of 16,388 class members submitting claims); <u>Brown v. Amerblue,</u> 06 CH 2774 (Cook Cty Cir. Ct.) (62 of 456 class members submitting claims) <u>Bridgeport Pain Control Center, Ltd. v. STL International, Inc.,</u> 09 C 3987 (N.D. Ill.) (412 of 6,171 class members submitting claims);

Montgomery Chiropractic, PC v. Transworld Systems, Inc., 09 C 2919(N.D. Ill.) 584 of 6,666 class members submitting claims)

    (3)  Attorney Fees and Costs

  As stated above, Class Counsel will seek attorney's fees and costs not to exceed 30% of the settlement fund. Further, Class Counsel will undertake to deliver Notice to the Settlement Class and administer the Settlement, including processing of Class Member submissions, addressing Class Member inquiries and delivery Class Member payments. All amounts incurred in connection with Class Counsel having acted as Administrator of the Settlement shall be included in the 30% attorney's fees and costs requested herein or other amount ultimately awarded by the Court.

    (4)  Class Representative

  Plaintiff requests an incentive award for its services as Class Representative. While Plaintiff requests and Defendant agrees not to oppose, payment in the amount of $5,000, this amount shall be subject to Court approval and will be set by the Court at final approval.

  Numerous courts have approved incentive payments to the class representatives for serving the public interest in bringing the action. E.g., Bryan v. Pittsburgh Plate Glass Co., 59 F.R.D. 616 (W.D.Pa. 1973), aff'd 494 F.2d 799 (3d Cir. 1974) ($17,500 award to class representatives); GMAC Mtge. Corp. v. Stapleton, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992); Luevano v. Campbell, 93 F.R.D. 68, 90 (D.D.C. 1981); In re Jackson Lockdown/MCO Cases, 107 F.R.D. 703, 709-10 (E.D.Mich. 1985); Harris v. Pernsley, 654 F.Supp. 1042, 1053 (E.D.Pa. 1987); In re Immunex Sec. Lit., 864 F.Supp. 142 (W.D.Wash. 1994) ($25,000 paid); Spicer v. Chicago Board Options Exchange, 844 F.Supp. 1226, 1266-7 (N.D.Ill. 1993); In re Catfish Antitrust Lit., supra, 939 F.Supp. 493, 503 (N.D.Miss. 1996); White v. National Football

League, 822 F.Supp. 1389, 1406 (D.Minn. 1993), aff'd, 41 F.3d 402, 408 (8th Cir. 1994); In re Dun & Bradstreet Credit Services Customer Lit., 130 F.R.D. 366 (S.D.Ohio 1990); Golden v. Schulman, CCH Fed.Sec.L.Rptr. ¶94,060, at p. 90,954 (E.D.N.Y. 1988) ($5,000); In re GNC Shareholder Lit., 668 F.Supp. 450, 451 (W.D.Pa. 1987) ($3,000); Troncelliti v. Minolta Corp., 666 F.Supp. 750, 752 (D.Md. 1987) ($2,000); C. Krislov, Scrutiny of the Bounty: Incentive Awards for Plaintiffs in Class Litigation, 78 Ill.B.J. 286 (June 1990).

    (5) Uncashed Settlement Checks/Unclaimed or Undistributed Settlement Funds.

If the Court allows the payments set forth above, including the incentive award to Plaintiff and the attorney's fees and costs petitioned for, the Settlement Fund will likely be depleted upon delivery of the Class Member payments. However, additional funds may exist as a result of the $500 cap per claimant and/or should any of the Settlement Class Members fail to timely negotiate their settlement checks. Any amounts resulting from uncashed checks or funds that could not otherwise be distributed shall be distributed as a *cy pres* award. The potential *cy pres* recipient shall be designated by the Court upon final approval. With respect thereto, Defendant has recommended, and Plaintiff does not oppose, that subject to Court approval, any such funds will be donated to the Women's Dermatologic Society as a cy pres award to be used in connection with its Play Safe in the Sun campaign. *See Defendant's Memorandum in Support of Designation of Proposed Cy Pres Beneficiary of Unclaimed Settlement Funds*. [Dkt No. 20] The Parties submit that, in light of the fact that the subject of the advertisement of at issue is a sunscreen product, that the proposed *cy pres* beneficiary is appropriate.

    c. Class Notice. Within 30 days of the Court's preliminary approval of the Agreement, plaintiff will give or cause to be given notice of the settlement in the forms

attached as Appendix B, or as otherwise recommended by the Court to the Class. Plaintiff's counsel will send the Summary Notice of the settlement described herein via facsimile transmission to the list used by Defendant to send its advertisements in the first instance. If a facsimile transmission to a particular Class member is not successful, Class Counsel will mail notice to that Class Member. In addition, Class Counsel, will provide the Supplemental Notice to any Class Member requesting additional or more detailed information concerning the settlement.

        d.        Class Members' Right to Opt Out. Any Class Member may seek to be excluded from the Agreement and the Litigation by opting out of the Class within the time period set by this Court. Any member who opts out of the Class shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

        e.        Claim Form. In order to receive consideration provided under the settlement, each Class Member must timely return a claim form which will be provided with the Notice.

        4.        Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:

> (1) The class is so numerous that joinder of all members is impracticable,
>
> (2) There are questions of fact or law common to the class,
>
> (3) The claims or defensives of the representative parties are typical of the claims defenses of the class, and
>
> (4) The representative parties will fairly and adequately protect the interest of the class.

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if

7

the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

As demonstrated herein, each of the requirements for class certification is met.

5. <u>Rule 23(a)(1) -- Numerosity</u>. Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. <u>Kulins v. Malco</u>, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); <u>Swanson v. American Consumer Industries</u>, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); <u>Cypress v. Newport News General & Nonsectarian Hosp. Ass'n</u>, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); <u>Riordan v. Smith Barney</u>, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient); <u>Sala v. National R. Pass. Corp.</u>, 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); <u>Scholes v. Stone, McGuire & Benjamin</u>, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

In this Litigation, Defendant has estimated that facsimiles were sent to 7,143 class members. This plainly satisfies the numerosity requirement.

6. <u>Rule 23(a)(2) -- Commonality; and Rule 23(b)(3)- Common Questions of Law or Fact Predominate</u>. Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law <u>or</u> fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are

8

substantially related to the outcome of the litigation. Blackie v. Barrack, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. McClendon v. Continental Group, Inc., 113 F.R.D. 39, 43-44 (D.N.J. 1986); Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 114 F.R.D. 48, 52 (S.D.N.Y. 1987); Spicer v. Chicago Board Options Exchange, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); Alexander Grant & Co. v. McAlister, 116 F.R.D. 583, 590 (S.D. Ohio 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984); Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

Here, there are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. As previously set forth in Plaintiff's initial Motion for Preliminary Approval, the predominant common questions include:

(1) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(2) Whether Defendant thereby violated the TCPA and/or state law; and

(3) The manner in which Defendant compiled or obtained its list of fax numbers.

The Settlement Class is defined by Plaintiff in terms of all persons and entities throughout the United States who during November 2010 were sent facsimile advertisements similar to Exhibit A to the Complaint, by or on behalf of La Roche-Posay, LLC or its parent(s) or related entities, promoting Anthelios sunscreen products.

Numerous courts have certified class actions under the TCPA. CE Design Ltd. v.

Cy's Crabhouse North, Inc., 07 C 5456, 2009 U.S. Dist. LEXIS 67323 (N.D. Ill. July 27, 2009); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Transportation Institute v. Promo Dart, Inc., No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); Kavu, Inc. v. Omnipak Corporation, 246 F.R.D. 642 (W.D. Wash. 2007); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class action); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (same); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003) (same); Biggerstaff v. Ramada Inn and Coliseum, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000) (same); Biggerstaff v. Marriott International, Inc., 99-CP-10-001366, (C.P. S.C., Feb 20, 2000) (same); Gold Seal v. PrimeTV, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002)(same); Jemiola v. XYZ Corp., No. 411237 (C.P. Ohio, Dec. 21, 2001)(same); Salpietro v. Resort Exchange International, No. GD00-9071 (Allegheny Co. C.P.)(same); WPS, Inc. v. Lobel Financial, Inc., No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); Kenro, Inc. v. APO Health, Inc., No. 49D12-0101-CP-000016 (Ind. Nov. 3, 2001) (same); Syrett v. Allstate Ins. Co., No. CP-02-32-0751 (S.C.C.P. Aug. 12, 2003) (same); Lipscomb v Wal-Mart Stores, Inc., No. 01-CP-20-263 (S.C.C.P. June 26, 2003) (same); Battery, Inc. v. United Parcel Service, Inc., No. 01-CP-10-2862 July 26, 2002) (same); Chaturvedi v. JTH Tax, Inc., No. CD-01-008851 (Pa. C.P. Oct 1, 2001) (same); Dubsky v Advanced Cellular Communications, Inc., No. 2004 WL 503757 (Ohio C.P. Feb. 24, 2004) (same); Inhance Corp. v. Discount Vacation Rentals, No. LALA 004377 (Iowa Dist. Jan. 5, 2001) (same); Inhance Corp. v. Special T Travel Services, Inc., No.

LALA 004362 (Iowa Dist. Dec. 8, 2000) (same); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Rawson v. C.P. Partners LLC, 03 CH 15165 (Cook Co. Cir. Ct.); Telecommunications Design Network v. McLeodUSA, Inc., 03 CH 8477 (Cook Co. Cir. Ct.); CE Design v. The Trade Show Network Marketing Group, Inc., No. 03 CH K 964 (Cir. Ct. Kane Co., Dec. 2, 2004); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct.); Bogot v. Olympic Funding Chicago, No. 03 CH 11887 (Cook Co. Cir. Ct.); Rawson, et. al., v. Robin Levin d/b/a The Ridgewood Organization, 03 CH 10844 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Answer Illinois, Inc., 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Murray and Trettel, Inc., 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation Graphic System, Inc., 03 CH 15167 (Cook Co. Cir. Ct.) (for settlement purposes); Law Office of Martha J. White, P.C. v. Morrissey Agency Inc., 03 CH 13549 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Fitness Image, Inc., Rommey Abdallah, and Bottom Line Sales Systems, Inc., 04 CH 00331 (Cook Co. Cir. Ct.) (for settlement purposes); INSPE Associates, Ltd., et al. v. Charter One Bank, 03 CH 10965 (Cook Co. Cir. Ct.) (for settlement purposes); Bernstein v. New Century Mortgage Corp., 02 CH 06907 (Cook Co. Cir. Ct.) (for settlement purposes); Gans v Seventeen Motors, Inc., No. 01-L-478 (Ill.Cir. Ct.) (for settlement purposes). Several others were certified in a Louisiana federal court, against Kappa Publishing Group, Monroe Systems, and Satellink Paging (The Advocate, Capital City Press, Dec. 28, 2005, p. 1).

    7.  Rule 23(a)(3) – Typicality. Rule 23 requires that the claims of the named plaintiff be typical of the claims of the class:

  A plaintiff's claim is typical if it arises from the same event or practice or course

of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the Class Members is claimed to have been subjected to the same alleged practice as the named Plaintiff, namely they are each persons or entities with facsimile telephone numbers who who, from during November 2010, were sent faxes by or on behalf of Defendants La Roche-Posay, LLC and L'Oreal, Inc., promoting the availability of its skin care products.

8. Rule 23(a)(4) -- Adequacy of Representation. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992).

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Counsel's qualifications are set forth in Appendix C. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

9. Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions. "[O]ne

of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." Brady v. LAC, Inc., 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

10. Counsel for Plaintiff and the proposed Class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order in the form of Appendix D, which (i) grants preliminary approval of the proposed settlement, (ii)

13

appoints Glen Ellyn Pharmacy, Inc. as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") as Class Counsel; (iii) directs the faxing and supplemental mailing of notice, in the forms of <u>Appendix B</u>, and (iv) sets dates for opt-outs, objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

        Respectfully submitted,

        s/Dulijaza Clark \_\_\_\_
        Dulijaza Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
 (312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

      I, Dulijaza Clark, certify that on May 19, 2011, I had a true and accurate copy of this notice and the documents referenced therein sent via Court's CM/ECF system to the parties listed below:

**Issac J. Colunga**
issac.colunga@icemiller.com

**Thomas J. Hayes**
thomas.hayes@icemiller.com

**Bart Thomas Murphy**
bart.murphy@icemiller.com


                                                s/Dulijaza Clark_____
                                                Dulijaza Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
 (312) 739-4200
(312) 419-0379 (FAX)