# APPENDIX A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>LA ROCHE-POSAY, LLC, L'OREAL, INC. )<br>and JOHN DOES 1-10 )<br><br>Defendants. ) | No. 11 C 968<br><br>Honorable William T. Hart |

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1.    **Parties.**  Plaintiff Glen Ellyn Pharmacy, Inc. ("Plaintiff") individually and as representative of the settlement class of persons defined below in Paragraph 8 (the "Settlement Class") and Defendant La Roche-Posay, LLC, ("Defendant") enter into this Settlement Agreement ("Agreement").  It is expressly understood and agreed that the Released Parties (as defined herein below) are intended third party beneficiaries of this Agreement.

2.    **Nature of litigation.**  In this lawsuit, Plaintiff alleges that Defendant La Roche-Posay, LLC[1] violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and state law by causing unsolicited facsimile advertisements to be transmitted to a nationwide class of individuals and entities.

3.    **No Admission of Liability.**  By entering into this agreement Defendant does not admit that it is liable to Plaintiff and the Settlement Class.  Defendant enters into this Agreement solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by the Plaintiff or the

---

[1]      Plaintiff also named "L'Oreal, Inc." as a defendant but no such entity exists.

1

Settlement Class against Defendant and its parent(s) and affiliated entities including but not limited to L'Oreal USA, Inc. and L'Oreal USA S/D, Inc., concerning the matters alleged in the Class Action Complaint.

4.      Plaintiff, individually and on behalf of the Settlement Class, believing that La Roche-Posay, LLC violated the TCPA and would be found liable, desires to settle its claims against Defendant, having taken into account through Plaintiff's counsel, the risks, delay, and difficulties involved in establishing a right to recovery and the ability to in fact recover, in excess of that offered by this settlement and the likelihood that further litigation will be protracted and expensive.

5.      Plaintiff's counsel has investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the class to enter into this Agreement.

6.      In consideration of the foregoing and other valuable consideration, Plaintiff and Defendant agree to settle the claims of the Plaintiff and the Settlement Class, subject to the Court's approval, under the terms and conditions set forth herein.

7.      **Effective Date.**  This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all of the following:  (1) the Court's entry of a final order substantially in the form of Exhibit 4 to this Agreement, approving this Agreement as fair, reasonable, and adequate to the Settlement Class; finding that this Agreement is fair and made in good faith; finally certifying the Settlement Class; and dismissing the claims of Plaintiff and the class members against Defendant with prejudice; and (2) (a) the expiration of five (5) days from the time that the final approval order becomes a final, non-appealable order, or (b) if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any

2

such final order, judgment, and decree, which disposition (i) approves the Court's final order, judgment and decree, and the terms and provisions of this Agreement, and (ii) orders the consummation of the settlement in accordance with the terms and provisions of this Agreement and (iii) is not subject to further appellate review nor remands the case to the trial court.

8. **Certification of Settlement Class.** Solely for the purposes of settlement, the parties stipulate to the certification of the following class (the "Settlement Class"), which is defined as:

> All persons and entities throughout the United States who during November 2010 were sent facsimile advertisements similar to Exhibit A to the Complaint, by or on behalf of La Roche-Posay, LLC or its parent(s) or related entities, promoting Anthelios sunscreen products.

For settlement purposes only, the Parties agree that, as part of the Preliminary Approval Order the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Class subject to final findings and certification in the Final Order, and appointing both Plaintiff and Class Counsel as representatives of the Settlement Class. For settlement purposes only, the Settlement Class is certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. If this Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, (a) the order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Agreement's termination or disapproval; (b) this Action will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made; and (c) La Roche-Posay, LLC reserves all procedural or substantive rights as of the date of execution of this Agreement. The Parties agree that subject to Court approval,

3

Edelman Combs Latturner & Goodwin, LLC ("Class Counsel") shall be appointed Class Counsel. Upon appointment by the Court, Edelman Combs Latturner & Goodwin, LLC and its attorneys appearing in this case, agree to perform the tasks to be performed by Class Counsel as set forth herein, as ordered by the Court or as necessary for the benefit of the Settlement Class.

9.     The Parties estimate, based on their review of records, that the Settlement Class is comprised of no more than 7,143 individuals or entities to whom Defendant or its parent or affiliated companies caused to be sent 1 facsimile advertisement during the relevant time period.

10.     **Relief to Plaintiff and the Settlement Class.** Defendant or its parent or affiliated entities shall pay the sum of $1,000,000.00 to a settlement fund (the "Settlement Fund") which Class Counsel or its agent agrees to hold in trust for the benefit of the Settlement Class. Upon payment of the $1,000,000.00 into the Settlement Fund and the turnover of the Settlement Fund to Class Counsel, Defendant shall have no further payment obligation to the Settlement Class.

11.     **Distribution of Settlement Fund.** The Settlement Fund shall be used to provide the following relief to Plaintiff and the Settlement Class, subject to the Court's approval:

a.     $5,000.00 of the Settlement Fund shall be paid to Glen Ellyn Pharmacy, Inc. as an incentive award in recognition of its services as Class Representative;

b.     counsel for Plaintiff and the Settlement Class, Edelman, Combs, Latturner & Goodwin, LLC, shall request and Defendant will not oppose 30% of the Settlement Fund as payment for attorney fees and expenses including costs related to providing notice to the Settlement Class and delivery of settlement payments to the Settlement Class and class administration;

c.     each Settlement Class member who timely submits a valid and completed claim form will receive a check for its pro rata share of the Settlement Fund after the amounts set forth in paragraphs 11(a) and 11(b) and 16 are paid. Payments to Settlement Class Members shall not exceed $500 per fax number.

4

12.    **Delivery of Settlement Fund.** Defendant or its parent or an affiliated company shall transfer to their Counsel, Ice Miller LLP, to be held in its Client Trust Account in trust for the Settlement Class, the Settlement Fund of $1,000,000.00 at least five (5) business days in advance of the date set for the Final Approval Hearing. Either prior to, or immediately upon entry of an Order granting Final Approval to the Settlement Agreement, Defendant shall cause the Settlement Fund to be transferred to Class Counsel.. Class Counsel shall hold the Settlement Fund in its client trust account in trust for the Settlement Class and shall distribute it only as permitted in this Agreement as approved by the Court.

13.    The claim bar date or the date by which Settlement Class members must submit claims, shall not be less than 60 days after the date Class Counsel causes notice to be issued ot the Settlement Class members via facsimile.

14.    **Right to Opt Out.** Settlement Class members shall have the right to opt out of or exclude themselves from the Settlement Class by faxing or mailing a request for exclusion to Class Counsel within the time period set by the Court in the Preliminary Approval Order.

15.    **Defendant's Right to Rescind Agreement.** In the event that more than 50 persons or entities in the Settlement Class submit valid and timely requests to opt out or exclude themselves from the settlement. Defendant shall have the right at its sole discretion to rescind this Agreement. Defendant's right to rescind as set forth in this paragraph must be exercised within 30 days after the date established by the Court or any extension thereof, for the submission of opt outs or exclusion requests by Settlement Class members. Defendant shall exercise its right to rescind by filing a notice of its exercise of its right to rescind with the Clerk of the Court..

16.     Costs associated with notice, claims administration and distribution of settlement checks shall come from the Settlement Fund. Class Counsel shall ensure all costs of notice and claims administration are reasonable.

17.     The settlement checks to be issued to the Settlement Class members filing valid claims will be void after 60 days from the date of issuance.

18.     **Cy Pres Payment.** Any amounts remaining in the Settlement Fund following the last void date of the checks issued to the Settlement Class members, including any uncashed checks or undistributed funds, shall be designated as a *Cy Pres Award.* Such funds will be returned by Class Counsel to Defendant within 30 days of the last void date of the Settlement Class members' settlement checks. Subject to Court approval, any such funds will be donated by Defendant to the Women's Dermatologic Society as a cy pres award. Defendant shall provide Class Counsel with proof of delivery any such distribution.

19.     **Release.** Plaintiff and the Settlement Class grant the following releases:

a.      Upon the Effective Date, Plaintiff, Glen Ellyn Pharmacy, Inc. and all Settlement Class members who do not validly opt out of the settlement, including each and every one of their respective past, present or future officers, employees, agents, representatives, attorneys (as counsel for Glen Ellyn Pharmacy, Inc.), heirs, assigns, or any other person acting on its behalf or for their benefit, or any person claiming through them (collectively "Releasors"), hereby fully release and discharge: (1) La Roche-Posay, LLC and its parent(s) and affiliated companies including L'Oreal USA, Inc. and L'Oreal USA S/D, Inc., as well as their predecessors and successors in interest and present and former, parents, subsidiaries, insurers, officers, directors, agents, employees, shareholders, members and partners (with all the foregoing released parties in this paragraph being collectively referred to as the "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasors, now have, did have, or may have in the future against the Released Parties, or any of them, arising from or related to the sending of faxes by or on behalf of La Roce-Posay, LLC or its parent(s) or affiliated entities during November 2010 containing advertisements similar to Exhibit A to the Complaint

6

promoting Anthelios sunscreen products. Without limiting the generality of the foregoing, Releasors release the Released Parties of all claims that were made or that could have been made in this the Class Action Complaint.

b.    Without admitting that California law or the laws of any other state apply to this Agreement or that the release provided by Plaintiff and the Settlement Class is a general release, the Parties agree that upon the Effective Date, the Releasors shall be deemed to have waived and shall have expressly waived the provisions and benefits of California Civil Code §1542 which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Further, Releasors expressly waive any and all provisions and rights or benefits which may be conferred upon them by any law, statute, ordinance or regulation which is similar, comparable or equivalent to California Civil Code §1542.

c.    This Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the claims released herein.

20.    If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

21.    **Attorneys' Fees, Notice Costs and Related Matters.**  Class Counsel shall administer the settlement and will pay the costs of notice and settlement administration out of the Settlement Fund. Class Counsel will request approval from the Court for attorneys' fees and costs and expenses of this lawsuit, in addition to costs of notice and settlement administration, in an amount not to exceed 30% of the Settlement Fund. Plaintiff's counsel will not request additional fees or costs from La Roche-Posay, LLC, or the Settlement Class other than the

7

above-referenced sum. La Roche-Posay, LLC agrees not to oppose an award of fees and costs to Plaintiff's counsel of no more than 30% of the settlement funds.

22.     **Notice.**  Defendant will provide Class Counsel with a list of the names and the last-known facsimile numbers of the members of the Settlement Class, according to its records ("Class List").  Class Counsel agrees that it keep the Class List confidential and it will not use the Class List for any purpose other than issuing notice to the Settlement Class.  Class Counsel or their agent shall, within thirty (30) days of entry of the Preliminary Approval Order (as described in Paragraph 21), cause actual summary notice ("Class Notice"), in the form of Exhibit 1, to be sent via facsimile to the facsimile telephone numbers of the persons and entities that comprise the Settlement Class, on the Class List.  In the event the initial attempt to transmit the notice via facsimile to a Settlement Class member is unsuccessful, Class Counsel shall attempt to resend the notice a second time to the Settlement Class member.  If Class Counsel is unable to successfully transmit the Notice to a Settlement Class member by facsimile after 2 attempts, it will attempt to send Notice, in the form of Exhibit 2, to the Class Members by U.S. Mail First Class. Class Counsel agrees that it shall also post the full form of notice on its website, www.edcombs.com from the date of the Preliminary Approval Order until 120 days after all claims checks are issued.  Within 10 business days of the date it completes issuing notice to the Settlement Class, Class Counsel shall file an affidavit with the Court attesting that it has issued notice to the Settlement Class in accordance with this Agreement and any order of this Court and detailing the steps it took to issue notice.  The fact that the Court may require non-substantive changes in the forms of notice does not invalidate this Settlement Agreement.   Class Counsel shall review all claims forms submitted by Settlement Class members.  If the claimant does not appear on the Class List and if the Claim Form appears to be fraudulent, Class Counsel shall

8

notify the claimant by mail that the Claim Form has been rejected and stating the reasons therefore and advise the claimant that he/she/it may appeal the claim denial to the Court. The Class List, will be maintained by Class Counsel, in electronic form, until a date two years following the Effective Date of the Settlement Agreement. The parties may destroy documents generated in the notice process one year after the Final Order (as defined in Paragraph 22) is entered and is no longer subject to appeal.

23. **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court to approve the Preliminary Approval Order, and enter a Preliminary Approval Order substantially in the form of Exhibit 3 which:

    a.    Preliminarily approves this Agreement;

    b.    Certifies the Settlement Class as defined in Paragraph 8 for settlement purposes;

    c.    Appoints Edelman, Combs, Latturner & Goodwin, LLC as Settlement Class counsel;

    d.    Schedules a hearing for final approval of this Agreement;

    e.    Approves Exhibits 1 and 2 hereto as notice to the Settlement Class, to be directed via fax and supplemental mail as necessary to the Settlement Class members as shown in Defendant's records;

    f.    Finds that the Notice Plan described herein and the other measures specified in Paragraph 22 is the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23; and

24. **Final approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and no earlier than after the expiration of 90 days from the preliminary approval of the settlement (as required by CAFA), Plaintiff and Plaintiff's counsel, shall request that the Court enter a Final Order substantially in the form of Exhibit 4, approving the terms of this Agreement as fair, reasonable,

and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the Settlement Class satisfies the requirements of due process and Federal Rule of Civil Procedure 23, dismissing the claims of Plaintiff and the Settlement Class with prejudice and without costs, and directing the entry of a final order.

25.     The parties agree to request the entry of a final approval order substantially in the form of Exhibit 4. This Agreement is expressly conditioned upon the Court entering a final approval order substantially in the form of Exhibit 4. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

26.     **Release of Attorneys' Lien.** In consideration of this Agreement, Plaintiff's counsel and Class Counsel hereby waives, discharges and releases the "Released Parties," as defined in Paragraph 16(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Plaintiff's counsel in connection with this Class Action Complaint, other than the amount awarded by the Court as specified above.

27.     **Miscellaneous Provisions.** This Agreement shall be governed by and interpreted in accordance with the laws of Illinois. Headings in this Agreement are for the convenience of reference and are not to be considered to be a part of this Agreement nor to control the meaning or interpretation of provisions of this Agreement.

28.     The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an

admission or concession on the part of either La Roche-Posay LLC or L'Oreal, Inc. of any liability or wrongdoing whatsoever.

29. **Claims Administration.** Class Counsel agrees to act as Claims Administrator to process all claims submitted by the Settlement Class and to issue claims payment checks to Settlement Class members in accordance with this Agreement and as approved by this Court. Class Counsel may retain a third party claims administration entity to perform claims administration tasks with the approval of Defendant, and the reasonable expenses for claims administration shall be paid from the Settlement Fund. Defendant shall have access to all claims submitted and any other claims administration documentation upon request. Class Counsel or its agent shall retain all claims administration records for a period of five years (5) following the Effective Date.

30. **CAFA Notices.** Defendant will issue all notices required under the Class Action Fairness Act to the required parties and Plaintiff shall cooperate in this process.

31. Notices and objections related to this Agreement and requests by Class Members to opt of the Settlement Agreement shall be sent to Counsel at:

Julie Clark
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0479 (FAX)
*Counsel for Plaintiff and the Settlement Class*

Bart T. Murphy
Ice Miller LLP
2300 Cabot Dr., Suite 455
Lisle, IL 60532



*Counsel for La Roche-Posay LLC*

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

32. Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff and the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

33. The Parties hereby represent to one another that they have full power and authority to enter into this Agreement and carry out their obligations. The corporate Parties and the Third Parties referenced in paragraph 10 further represent that all necessary corporate action has been duly taken to authorize the execution and delivery of this Agreement and that this Agreement has been duly executed and delivered.

34. The Parties respectively acknowledge that they have consulted with legal counsel of their choice before entering into and executing this Agreement. Further, both Parties, through their respective counsel, either have or had the opportunity to participate in the drafting of this Agreement and agree that in construing the terms of this Agreement, the terms are not to be strictly construed against either Party.

35. Restriction on Publicity. The Parties acknowledge that this Agreement represents a compromise of a disputed claim and that there has ben no finding or admission of fault on the part of La Roche-Posay, LLC or the Released Parties. Plaintiff or Class Counsel shall not issue any press release or otherwise initiate any affirmative action to garner publicity regarding this settlement.

36. The foregoing constitutes the entire agreement among the signatories with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all signatories hereto, and approved by the Court.

12

37.    This Agreement may be executed in separate counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, PDFs and facsimiles of executed copies of this Agreement may be treated as originals.

IN WITNESS WHEREOF, the signatories hereto, acting by and through their respective counsel of record, intending to be legally bound, have so agreed, on March ___, 2011.

GLEN ELLYN PHARMACY, INC.                    LA ROCHE-POSAY, LLC

_____                    _____
On behalf of itself and the Settlement Class

By: Robert E. Listecki                       By: _____
    [Print name & title] President               [Print name & title]
                        Pharmacist


For Plaintiff's Counsel/Class Counsel         Approved as to form by Counsel:

_____                    _____
Daniel A. Edelman                            Bart T. Murphy
Julie Clark                                  Thomas Hayes
EDELMAN, COMBS, LATTURNER                     Ice Miller LLP
& GOODWIN, LLC                               2300 Cabot Dr., Suite 455
120 S. LaSalle Street, Suite 1800            Lisle, IL 60532
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0479 (FAX)

13

37. This Agreement may be executed in separate counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, PDFs and facsimiles of executed copies of this Agreement may be treated as originals.

IN WITNESS WHEREOF, the signatories hereto, acting by and through their respective counsel of record, intending to be legally bound, have so agreed, on March ___, 2011. *APRIL 29,*

GLEN ELLYN PHARMACY, INC.

On behalf of itself and the Settlement Class

By: _____
     [Print name & title]

LA ROCHE-POSAY, LLC

By: _____ *Thomas Sarakatsannis* _____
     [Print name & title]
     *SVP*

For Plaintiff's Counsel/Class Counsel

_____
Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0479 (FAX)

Approved as to form by Counsel:

_____
Bart T. Murphy
Thomas Hayes
Ice Miller LLP
2300 Cabot Dr., Suite 455
Lisle, IL 60532

13

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

***GLEN ELLYN PHARMACY, INC., v. LA ROCHE- POSAY, LLC.,*** **No. 11 CV 968, Judge Hart**

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

TO:    All persons and entities throughout the United States who during November 2010 were sent facsimile advertisements similar to Exhibit A to the Complaint, by or on behalf of La Roche-Posay, LLC or its parent(s) or related entities, promoting Anthelios sunscreen products. (the "Settlement Class")

**PLEASE READ THIS NOTICE CAREFULLY *THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU. IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT FUND DESCRIBED BELOW, YOU MUST COMPLETE AND RETURN THE NOTICE/CLAIM FORM BY _____, 2011.***

This Summary Notice is to inform you of the proposed settlement of a class action lawsuit having to do with unsolicited fax advertising. Your fax number has been identified as one which may have been sent the unsolicited advertisement at issue in this lawsuit. The Parties have agreed to a proposed Settlement. This notice is only a summary. **If you would like to obtain copy of the full Notice of Pendency of Class Action and Proposed Settlement, please call (312) 917-4504. A copy of the Full Notice can also be found on** www.edcombs.com.

Plaintiff filed this Lawsuit on behalf of itself and the Settlement Class alleging, among other things, that Defendant La Roche-Posay, LLC ("Defendant") violated the Telephone Consumer Protection Act ("TCPA") by sending it and the Settlement Class unsolicited fax ads promoting a line of sunscreen products. The TCPA generally prohibits sending unsolicited fax ads and provides for a statutory penalty of $500 for each violation of the Act which may be trebled to $1500 per violation if the defendant willfully violated the Act. The Parties have agreed to settle this case. Under the terms of the proposed settlement, the Defendant will pay $1,000,000 into a settlement fund (the "Settlement Fund"). The Settlement Class members are entitled to a pro-rata share of the Settlement Fund up to a maximum, after certain deductions as described below. **To receive a recovery, you must submit the claim form at the end of this Notice.**

According to the terms of the proposed settlement, the Settlement Fund will be reduced by the attorney fees and costs related to notice and administration which shall be determined by the Court upon Final Approval which, collectively, shall in no event exceed 30% of the Settlement Fund, and an incentive award to the named plaintiff for having acted as class representative which likewise shall be determined by the Court upon Final Approval not to exceed $5,000. The amount remaining in the fund will be divided on a pro rata basis, up to a maximum of $500 per fax number validly claimed, among those submitting timely claim forms. The parties believe that there are a maximum of 7,143 class members. Under the terms of the settlement, those Settlement Class members who remain in the Settlement Class will release Defendant from liability for sending the unsolicited fax ad regardless of whether they file a claim for a share of the Settlement Fund. The Court has given preliminary approval to the settlement and directed that this notice be sent to you. The Court has appointed the law firm of Edelman Combs Latturner & Goodwin, LLC as Class Counsel to represent the Settlement Class.

**IF YOU WANT TO RECEIVE THE FULL NOTICE YOU MAY ACCESS IT ON CLASS COUNSEL'S WEBSITE AT WWW.EDCOMBS.COM OR CONTACT CLASS COUNSEL AT 312-739-4200 AND REQUEST A COPY OF THE FULL NOTICE. IF YOU HAVE QUESTIONS YOU MAY CONTACT CLASS COUNSEL AT 312-739-4200.**

### YOUR OPTIONS:

**1) Remain a member of the Settlement Class and file a claim to receive a portion of the Settlement Fund.** To do so you must mail the Claim Form at the end of this Notice to Class Counsel at the address or fax number indicated so that it is received by [INSERT DATE]. You will receive a pro-rata share of the Settlement Fund up to a maximum of $500.

**2) Exclude yourself from the Settlement.**  You may exclude yourself from the settlement by sending  (via fax or mail) a notice of exclusion to Class Counsel at Edelman, Combs, Latturner & Goodwin, LLC, 120 S. LaSalle St. Suite 1800, Chicago, IL 60603, fax: (866) 834-3504, containing the case name and number at the top of this notice and stating you wish to be excluded from the Settlement Class.  The Notice of Exclusion must be filed on or before [INSERT DATE].

**3) Object to the Settlement.**  You may object to this settlement by filing an objection containing the case name and number at the top of this notice with the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., 20th FL, Chicago, IL, 60604 and stating the basis for your objection.  By objecting you will remain a member of the Settlement Class.  Any objection must be filed with the Clerk on or before [INSERT DATE].  In addition you must send a copy of the objection to Class Counsel: Julie Clark, Edelman, Combs, Latturner & Goodwin, LLC, 120 S. LaSalole St., 18th FL, Chicago, IL and to Defendant's Counsel: Bart Murphy, Ice Miller LLP, 2300 Cabot Dr., Ste. 455, Lisle, IL 60532. You may also request to be heard at the Fairness Hearing (see below) regarding your objection.

**4) Do Nothing**.  You are not obligated to take any action in response to this Notice.  If you do nothing you will remain a member of the Settlement Class but you will not receive a share of the Settlement Fund and you will release Defendant and its parent and related companies from liability for sending the fax to you.

You are represented by Class Counsel in this case.  You are free to retain your own attorney to represent you at your own cost.  **IF YOU HAVE QUESTIONS ABOUT THIS NOTICE OR THIS CASE YOU MAY CONTACT CLASS COUNSEL AT 312-739-4200.**

**FINAL APPROVAL HEARING:**  The Court will hold a final approval hearing on [**INSERT TIME AND DATE**] in Courtroom 2243 of the United States Courthouse, 219 S. Dearborn, Chicago, IL at which time the Court will decide whether to grant final approval to the proposed settlement.  You are not required to attend this hearing unless you wish to be heard as to an objection you have filed.

PLEASE DO NOT CONTACT THE COURT OR DEFENDANT'S COUNSEL FOR INFORMATION.
BY ORDER OF THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

-------------------------------------------------------------------------------------------------------------------------------

**CLAIM FORM**
*GLEN ELLYN PHARMACY, INC., v. LA ROCHE- POSAY*, **No. 11 CV 968**

**SUBMIT BY** _____ VIA FACSIMILE OR MAIL TO CLASS COUNSEL:

Edelman, Combs, Latturner & Goodwin, LLC (25180)
120 S. LaSalle St. Suite 1800
Chicago, IL 60603
Fax: (866) 834-3504

_____          _____
Fax number                                                    Name of Person  / Company that Subscribed to Fax Line

_____
    Street/P.O. Box                         City                     State               Zip Code
(Current Mailing Address of Subscriber of Fax Line)

                                           _____
                                           Signature

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GLEN ELLYN PHARMACY, INC.,      )

                                   )

         Plaintiff,             )      11 CV 968

         v.                    )      Judge Hart

LA ROCHE-POSAY, LLC,           )

                                   )

         Defendant.        )

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

**To:     All persons and entities throughout the United States who during November 2010 were sent facsimile advertisements similar to Exhibit A to the Complaint, by or on behalf of La Roche-Posay, LLC or its parent(s) or related entities, promoting Anthelios sunscreen products. (the "Settlement Class").**

*PLEASE READ THIS NOTICE CAREFULLY.*
*THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.*
*IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT PROCEEDS DESCRIBED BELOW, YOU MUST COMPLETE AND RETURN THE SUMMARY NOTICE/CLAIM FORM BY _____, 2011.*

**1. WHY DID YOU GET THIS NOTICE?**

You received the Summary Notice/Claim Form because you met all the criteria contained in the class definition set forth in paragraph 3 below and are a member of the Settlement Class. The purpose of this Notice is to advise you of a proposed settlement in the Action, and of a hearing to consider that settlement to be held on _____ **2011 at** _____ **a.m.** before Judge Hart, Room 2243 of the U.S. District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, IL 60604 ("Fairness Hearing").

**2. WHAT IS THIS LAWSUIT ABOUT?**

Plaintiff, Glen Ellyn Pharmacy, Inc., filed this action on behalf of a putative class. Plaintiff alleged that La Roche-Posay, LLC (the "Defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and state law by sending unsolicited facsimile advertisements. The Parties have agreed to settle to avoid the costs of litigation. Counsel for plaintiff has conducted an extensive investigation into the relevant facts and law underlying plaintiff's claims, and has concluded that a settlement is in the best interests of plaintiff and the Settlement Class. This Notice should not be understood as an expression of any opinion by the Court as to merits of any of the claims asserted by plaintiff or any of the defenses asserted by Defendant.

**3. WHO IS IN THE SETTLEMENT?**

On _____, 2011, the Court preliminarily approved the settlement and provisionally certified a Settlement Class ("Settlement Class") in the Action for purposes of settlement only. The Settlement Class is defined to include: All persons and entities throughout the United States who during November 2010 were sent facsimile advertisements similar to Exhibit A to the Complaint, by or on behalf of La Roche-Posay, LLC or its parent(s) or related entities, promoting Anthelios sunscreen products.

**4. THE SETTLEMENT BENEFITS - WHAT YOU GET**

The Settlement Agreement calls for the creation of a $1,000,000 Settlement Fund to be paid by Defendant which will be reduced by attorney fees awarded by the Court and costs related to notice and administration of the settlement to be determined by the Court upon Final Approval which, collectively, shall in no event exceed 30% of the Settlement Fund, and an incentive award to the named plaintiff for having acted as class representative, which likewise shall be determined by the Court upon Final Approval not to exceed $5,000. The amount remaining in the fund will be divided on a pro rata basis up to a maximum of $500 among those submitting timely and valid claim forms. There are approximately 7,150 members in the Settlement Class.  Any funds remaining in the Settlement Fund after payment of all valid claims will be donated by Defendant to a charitable organization approved by the Court.

**5.  CLASS COUNSEL'S OPINION OF THE SETTLEMENT**

In an individual lawsuit or class action under TCPA, a prevailing plaintiff may be able to recover $500 per fax in statutory damages for a non-willful violation of the statute ($1,500, if a willful violation is shown) or any actual damages, plus the costs of suit and injunctive relief.  Of course, if an individual does not prevail, he will receive no payment.  Here, in this Lawsuit, the Court has not ruled in Plaintiff's favor.  The Court has also not certified a class, except pursuant to the Settlement Agreement.

Class Counsel has considered the benefits that the Settlement Class will receive under the Settlement Agreement, the potential defenses of Defendant, and the attendant risks, uncertainties and delays of litigation.  Consequently, Class Counsel believes the terms of the settlement are fair and reasonable, and the members of the Settlement Class should accept this settlement.

**7. NO ADMISSION OF LIABILITY**

By entering into this agreement Defendant does not admit that it is liable to Plaintiff and the Settlement Class. Defendant enters into this Agreement solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, that have been or might have been asserted by the Plaintiff or the Settlement Class against Defendant and its parent(s) and affiliated entities, concerning the matters alleged in the Class Action Complaint.

**8. WHAT AM I GIVING UP AS PART OF THE SETTLEMENT?**

If you remain in the Settlement Class and the settlement becomes final, you will be releasing La Roche-Posay, LLC and its parent and related entities, and their officers, directors, shareholders, members, and employees from liability for any claims arising from or relating to any unsolicited fax ad sent to you by or on behalf of La Roche-Posay in November 2010 promoting sunscreen products.. This release is more fully explained in paragraph 19 of the Settlement Agreement. The Settlement Agreement is available at the Clerk's Office, U.S. District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, 20th Fl., Chicago, IL 60604 during regular business hours. The Settlement Agreement specifically describes the released claims in necessarily legal terminology. You may speak with Class Counsel or your own lawyer (at your expense) if you have questions about the release.

**9. WHAT ARE MY OPTIONS?**

**OPTION 1**: **Remain in Settlement Class and Submit a Claim Form** to Receive a Pro-Rata Share of the Settlement Fund.  To receive a pro-rata share of the Settlement Fund you must fully complete and submit the claim form at the end of this notice.  You  must submit the Claim Form to Class Counsel: Julie Clark, Esq., Edelman Combs Latturner & Goodwin, LLC, 120 S. LaSalle St., 18th Fl, Chicago, IL 60603.  The deadline for Claim Forms is _____, **2011**; Claim forms **MUST BE** faxed or postmarked by _____,

2011. Payments will be mailed to class members after the Court grants "final approval" of the settlement and any appeals are resolved.

**OPTION 2: Exclude Yourself From the Settlement Class.** If you fall within the Settlement Class definition you will be a member of the Settlement Class unless you exclude yourself from the Settlement Class. If you want to exclude yourself from the Settlement Class then you complete and mail or fax a notice of intention to opt-out ("Opt-Out"), which contains the following: (a) your full legal name or business name if the facsimile number was one owned or controlled by a business, address, and telephone number; (b) the telephone number for the facsimile machine on which you were sent the Fax; (c) your signature or that of the class member's representative (such as a business officer or manager); and (d) a statement that expressly states an intent of the class member not to participate in the Settlement and to waive all rights to the benefits of the Settlement. In addition, for your Opt-Out to be valid, it must be faxed to _____ by _____, **2011** or mailed to the following address postmarked no later than _____, **2011**:

Edelman, Combs, Latturner & Goodwin, LLC c/o Julie Clark

120 S. LaSalle Street, 18th Floor, Chicago, IL 60603

(312) 739-4200; _____ (FAX)

If you wish to bring your own individual action (at your expense) against Defendant and the others released, you must exclude yourself from this case. If you exclude yourself from this case you will not receive any money from the Settlement Fund.

**OPTION 3: Object to the Settlement.** You can tell the Court that you don't agree with the settlement or some part of it. You must give reasons why you think the Court should not approve the settlement. The Court will consider your views if you properly submitted an objection on time. Objecting is simply telling the Court that you don't like something about the settlement. You can object ONLY if you stay in the class. If you wish to object to the settlement or to any awards to Plaintiff or Class Counsel, then you must send a copy of the notice to Class Counsel: Julie Clark, Esq., Edelman Combs Latturner & Goodwin, LLC, 120 S. LaSalle St., 18th Fl, Chicago, IL 60603; and to Defendant's Counsel: Bart Murphy, Ice Miller LLP, 2300 Cabot Dr., Lisle, IL 60532. Each objection must (a) set forth the objector's full legal name or business name, if the objector is an entity, address and telephone number; (b) set forth the telephone number for the facsimile machine on which the class member was sent the fax; (c) state the Objection to the Settlement; (d) set forth a statement of the legal and factual basis for the Objection; and (e) provide copies of any documents in support of the Objection. If you do not submit a timely Objection in accordance with the requirements set forth above, you will not be treated as having filed a valid Objection to the settlement. If you do file an objection and wish it to be considered, you may also appear at the hearing before Judge Hart, Room 2243 of the U.S. District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, IL 60604 ("Fairness Hearing"). YOU ARE NOT REQUIRED TO ATTEND THIS HEARING. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

**OPTION 4: Do Nothing.** You are not required to do anything in response to this Notice. If you do nothing you will remain a member of the Settlement Class and you will release your claims against Defendant and others, but you will not receive any portion of the Settlement Fund.

## 10. WHO ARE COUNSEL FOR PLAINTIFF AND CLASS COUNSEL?

The Court has appointed the following attorneys to represent you and other members of the settlement class in this lawsuit:

Edelman, Combs, Latturner & Goodwin, LLC

120 S. LaSalle Street, 18th Floor

Chicago, IL 60603

(312) 739-4200;   (866) 834-3504 (FAX), www.edcombs.com

These attorneys represent your interests in this lawsuit. You may contact them with any questions that you have about the lawsuit or the settlement. You may also hire your own attorney at your own cost to enter an appearance on your behalf in this matter.

| **11. THE COURT'S FAIRNESS HEARING** |
|---|

The Court will hold a hearing on the settlement in before Judge Hart, Room 2243 of the U.S. District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, IL 60604 ("Fairness Hearing") on _____ **at 11:00 a.m**. to determine, among other things, (i) whether it will be approved as fair, adequate and reasonable; (ii) what amount, if any, to award class counsel for attorney's fees and costs in the Action; and (iii) what amount, if any, to award plaintiff for his services as class representative. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING. The hearing may be continued by the Court without further notice to class members. If the Court does not approve the settlement, the class action will proceed, and you may or may not get the money that this case may provide in the future.

| **12. WHERE CAN I OBTAIN ADDITIONAL INFORMATION?** |
|---|

The description of the lawsuit and settlement that is contained in this Notice is only general in nature. All papers filed in this case, including the full settlement agreement, are available for you to inspect and copy (at your expense) at the Clerk's Office of the U.S. District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, 20th Fl., Chicago, IL 60604. You must bring the name of the case and case number with you, since the Clerk will need to know this information in order to obtain the court file for you to inspect. If you or your attorney require additional information, you should write or call class counsel at the addresses and telephone numbers listed above in paragraph 8 during regular business hours. Please include the case name and number, your name and your current return address on any letters, not just the envelopes. Please do not contact the defendant's attorneys; they are not in a position to give you any advice about this settlement.
PLEASE DO NOT CONTACT THE COURT OR DEFENDANT'S COUNSEL FOR INFORMATION.

Dated: _____, **2011**      BY ORDER OF THE UNITED STATES DISTRICT COURT
                                      NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

-------------------------------------------------------------------------------------------------------------------------

## CLAIM FORM

### *GLEN ELLYN PHARMACY, INC., v. LA ROCHE-POSAY, LLC,* **No. 11 CV 968**

**SUBMIT BY _____, 2011 VIA MAIL TO CLASS COUNSEL**:
Edelman, Combs, Latturner & Goodwin, LLC (25180)
120 S. LaSalle St. Suite 1800
Chicago, IL 60603
**OR FAX TO CLASS COUNSEL AT:  (Fax) 866-834-3504**


_____          _____
Fax number                         Name of Company that Subscribed to Fax Line



_____
        Street/P.O. Box              City               State        Zip Code
(Current Mailing Address of Subscriber of Fax Line)

                                   _____
                                   Signature

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 CV 968 |
| v. | ) | |
| | ) | Honorable William T. Hart |
| LA ROCHE-POSAY, LLC, L'OREAL, INC. | ) | |
| and JOHN DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on Glen Ellyn Pharmacy Inc.'s ("Plaintiff") Unopposed Motion for Preliminary Approval of Class Settlement and Notice to the Class, the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1.      The settlement agreement entered into by the Parties dated April 29, 2011 (the "Settlement Agreement")  is incorporated by reference into this Order as if fully set forth herein.  First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

2.      The Court finds that, upon preliminary review, the proposed Settlement Agreement (Exhibit A to Plaintiff's Motion for Preliminary Approval) appears to be fair, reasonable and adequate and grants preliminary approval to it, pending a final hearing as provided herein.

3.      For the purposes of settlement only, the Court certifies a class pursuant to Federal Rule of Civil Procedure 26(b)(3), defined as:

> All persons and entities throughout the United States who during November 2010 were sent facsimile advertisements similar to Exhibit A to the Complaint, by or on behalf of La Roche-Posay, LLC or its parent(s) or related entities, promoting Anthelios sunscreen products.

4.      The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes in that:

(a)      there are thousands of members of the class;

(b)      the claims of the class representative are typical of those of the other members of the class;

(c)      there are questions of fact and law that are common to all members of the class; and

(d)      the class representative will fairly and adequately protect the interests of the class and has retained counsel experienced in complex commercial and class action litigation who have and will continue to adequately represent the class.

5.      The Court finds this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes because (i) a settlement class is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the settlement class predominate over any questions affecting only individual members.

6.      Plaintiff Glen Ellyn Pharmacy Inc. is appointed as class representative.

7.      Edelman Combs Latturner & Goodwin LLC is appointed as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

8.      Pursuant to Federal Rules of Civil Procedure 23, a final hearing on the fairness, reasonableness and adequacy of the Settlement Agreement and whether final

approval shall be given to it will be held before this Court on **September -------, 2011 at \_\_\_\_\_ a.m** for the following purposes:

        (a)    to finally determine whether this action satisfies the criteria for class certification set forth in Federal Rule of Civil Procedure 23(a) and (b);

        (b)    to determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

        (c)    to determine whether a final judgment should be entered dismissing the claims of the class with prejudice, as required by the Settlement Agreement;

        (d)    to consider the application of Plaintiff's counsel for an award of attorneys' fees and expenses, and for an individual settlement award to the class representative; and

        (e)    to rule upon other such matters as the Court may deem appropriate.

    9.    The Court approves the Parties' *revised* proposed forms of notice (Exhibits A-1 and A-2 to Plaintiff's Motion), to be directed as set forth in the Settlement Agreement to the last known facsimile address of the class members as shown on Defendant's records and via supplemental mailing as needed.  Plaintiff will arrange to deliver notice to class members on or before **June 22, 2011** and upon this Court's entry of an Order Granting Final Approval of Class Settlement, for payments to be distributed pursuant to Paragraph 11 of the Settlement Agreement.

    10.    The Court finds that the Settlement Agreement's plan for Notice is the best notice practicable under the circumstances and is the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).  The Court approves the Claim Form which is a part of the notices and

Settlement Class members must submit a claim form via facsimile to Class Counsel as indicated by the claim form by **August 22, 2011** or mail the claim form to Class Counsel postmarked on or before **August 22, 2011**.

11.     Any class members who desire to opt out or exclude themselves from the Settlement must mail a request for exclusion to Class Counsel by **August 22, 2011.**  At least ten (10) days prior to the final approval hearing, counsel for Plaintiff shall file with the Court and serve on all parties a list of all persons who have timely opted-out of the Settlement Class (the "Class"). Counsel for the Parties also shall at that time supply its determinations as to whether any request to opt out of the Class was not submitted timely, and, provide written notification to any Class member whose request to opt out of the class was not submitted on a timely basis.

12.     Class members shall have until **August 22, 2011** to enter an appearance or object to the proposed settlement.  Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and mail a copy to Class Counsel and Defense Counsel by **August 22, 2011**.  Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class.  Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of the settlement.  At least seven (7) days prior to the fairness hearing, counsel for Plaintiff shall file with the Court and serve on all parties a copy of all objections to the settlement.

13.     Plaintiff, by and through Class Counsel, may file memoranda in support of final approval of the Agreement prior to the fairness hearing.  Any submissions must be filed

no later than **September 12, 2011**.

14.     Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), no later than **September 7, 2011.**

15.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement until such time as the Court grants final approval of this class action settlement and dismisses this case with prejudice.

16.     The Parties are hereby authorized to take all necessary actions to implement the settlement in accordance with this Order and the terms of the Settlement Agreement.

17.     All proceedings in this Action, other than those which are necessary to implement the terms and conditions of the Settlement Agreement or duties thereunder, are stayed and suspended until further order of this Court.

18.     If the Settlement Agreement does not receive final approval or is otherwise terminated, this Order and any other orders entered to implement the settlement shall be vacated.  In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever.

19.     Neither the settlement nor the Settlement Agreement constitutes an admission, concession or indication by any Party of the validity of any claims or defenses made in the Action or the liability of any party.

20.     The Settlement Agreement may be modified by the Court as agreed by Class Counsel and Defendant's Counsel without further notice to the Settlement Class.  Further the Court may order additional final approval hearings without further notice to the Settlement Class members

**BY THE COURT:**

_____
Honorable William T. Hart
United States District Court

DATED:  ____, 2011

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 C 968 |
| v. | ) | |
| | ) | Honorable William T. Hart |
| LA ROCHE-POSAY, LLC, L'OREAL, INC. | ) | |
| and JOHN DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL APPROVAL ORDER**

This matter coming before the Court for Final Approval, the Court having considered the Parties' Joint Motion for Final Approval of the Class Action Settlement Agreement, and after hearing argument of the parties and affording any Class Members present the opportunity to present argument to the Court [*and hearing argument from Class members*] at the Final Approval Hearing held on _____, and having been fully advised in the premises; IT IS HEREBY ORDERED:

1.      The Court finds that notice was issued to the Class in accordance with the terms of the Settlement Agreement and as ordered and approved by the Court in the Preliminary approval order entered on _____**.** The Court further finds that the notice was the best practicable notice under the circumstances.

2.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Court

1

finds ___ objections were received to the Settlement Agreement. [and after considering the objection(s) and the response(s) of the Parties to the objection(s), the Court finds the objection(s) is/are not meritorious and is/are rejected.] _____ persons have opted out of the settlement [and the persons listed on Exhibit 1 to this Order are excluded from the Class].

3.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and the Court's findings in the preliminary approval order, the Court hereby finally certifies the following class (the "Settlement Class"):

> All persons and entities throughout the United States who during November 2010 were sent facsimile advertisements similar to Exhibit A to the Complaint, by or on behalf of La Roche-Posay, LLC or its parent(s) or related entities, promoting Anthelios sunscreen products.

4.      The Court finds that certification of the Settlement Class, is appropriate in that (a) the Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff Glen Ellyn Pharmacy's claims are typical of the claims of the Settlement Class; (d) Plaintiff Glen Ellyn Pharmacy and Class Counsel have fairly and adequately protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

5.      The Court appointed the Plaintiff, Glen Ellyn Pharmacy as the Representative of the Class and finds that it meet the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6.      The Court appointed the following attorneys as Class Counsel, and finds that they meet the requirements of Rule 23(g) of the Federal Rule of Civil Procedure:

Daniel A. Edelman
Cathleen M. Combs

James O. Latturner
Julie Clark
Edelman Combs Latturner & Goodwin, LLC
120 South LaSalle Street, 18th Floor
Chicago, IL 60603

7.      The Court finds notice of the settlement has been given to the appropriate state and federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. §1715.

8.      In evaluating whether the settlement is fair and reasonable to the Class the Court considered the following factors, among others: the likelihood of success by Plaintiff and the Class on the merits and on class certification; the range of actual damages claimed by the Class; the complexity, expense and duration of the litigation; the stage of the litigation at which the settlement was reached; the amount and substance of any opposition to the settlement; and the memorandum and exhibits thereto in support of final approval.  After consideration of the aforementioned factors and others, and after notice to the Class of the proposed settlement and a hearing on final approval, the Court finds that the settlement is fair, adequate and reasonable and in the best interests of the Class.  The Settlement Agreement is hereby approved and the Parties are ordered to proceed to consummate the settlement in accordance with the terms and provisions of the settlement agreement.

9.      The Court hereby dismisses the action against Defendant with prejudice and without costs, and the releases specified in the Settlement Agreement are hereby approved and the claims released pursuant to those provisions are released and discharged as of the Effective Date as defined in the Settlement Agreement.

10.      Any Settlement Class member who is not listed on Exhibit 1 hereto as having opted out of the Settlement Class provides the release to Defendant and others as specified in of

the Settlement Agreement and such persons or entities are released from the aforementioned claims of the Class Members who have not opted out of the settlement.

11.     The Court awards attorney's fees and costs to Class Counsel in the amount of $_____.  This amount shall be paid in accordance with the terms of the Settlement Agreement.

12.     The Court awards an incentive award in the amount of $5,000.00 to Glen Ellyn Pharmacy, Inc. for its service as class representative on behalf of the Class.  This amount shall be paid in accordance with the terms of the Settlement Agreement.

13.     If after payment of all amounts in accordance with the terms of the Settlement Agreement, there are funds remaining from the settlement payment made by Defendants, any such funds shall be paid to the Women's Dermatologic Society as a *cy pres* donation.

14.     Class Counsel shall file a final accounting with the Court as to the disbursements of the settlement payment made by Defendants on or before _____. Defendant's counsel shall file proof of making any cy pres donation on or before _____.

15.     Without affecting the finality of this order, jurisdiction is hereby retained over this action, the parties, and the Class Members for all matters relating to the action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Final Approval Order.


ENTER:


Date:_____              _____
                                   Hon. William T. Hart, United States District Judge

4