IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 968 |
| ) | |
| LA ROCHE-POSAY, LLC ) | |
| and JOHN DOES 1-10 ) | |
| ) | |
| Defendants. ) | |

**FINAL APPROVAL ORDER**

This matter coming before the Court for Final Approval, the Court having considered the Memorandum in Support of Final Approval of the Class Action Settlement Agreement, and after hearing argument of the parties and affording any Class Members present the opportunity to present argument to the Court at the Final Approval Hearing held on October 13, 2011, and having been fully advised in the premises;

IT IS HEREBY ORDERED:

1. The Court finds that notice was issued to the Class in accordance with the terms of the Settlement Agreement and as ordered and approved by the Court in the Preliminary approval order entered on June 2, 2011. The Court further finds that the notice was the best practicable notice under the circumstances.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement as modified by the June 2, 2011 Preliminary Approval Order, is hereby approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Court finds NO objections were received to the Settlement Agreement and NO persons have opted out of the settlement.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and the Court's findings in the Preliminary Approval Order, the Court hereby finally certifies the following class (the "Settlement Class"):

> All persons and entities throughout the United States who during November 2010 were sent facsimile advertisements similar to Exhibit A to the Complaint, by or on behalf of La Roche-Posay, LLC or its parent(s) or related entities, promoting Anthelios sunscreen products.

4. The Court finds that certification of the Settlement Class is appropriate in that (a) the Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff Glen Ellyn Pharmacy's claims are typical of the claims of the Settlement Class; (d) Plaintiff Glen Ellyn Pharmacy and Class

Counsel have fairly and adequately protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

5. The Court appointed Plaintiff Glen Ellyn Pharmacy as the Representative of the Class and finds that it meets the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6. The Court appointed the following attorneys as Class Counsel, and finds that they meet the requirements of Rule 23(g) of the Federal Rules of Civil Procedure:

> Daniel A. Edelman
> Julie Clark
> Edelman Combs Latturner & Goodwin, LLC
> 120 South LaSalle Street, 18th Floor
> Chicago, IL 60603

7. The Court finds notice of the settlement has been given to the appropriate state and federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

8. In evaluating whether the settlement is fair and reasonable to the Class the Court considered the following factors, among others: the likelihood of success by Plaintiff and the Class on the merits and on class certification; the range of actual damages claimed by the Class; the complexity, expense, and duration of the litigation; the stage of the litigation at which the settlement was reached; the amount and substance of any opposition to the settlement; and the memorandum and exhibits thereto in support of

final approval. After consideration of the aforementioned factors and others, and after notice to the Class of the proposed settlement and a hearing on final approval, the Court finds that the settlement is fair, adequate and reasonable and in the best interests of the Class. The Settlement Agreement, as modified by the June 2, 2011 Preliminary Approval Order and as hereinafter modified in this order, is hereby approved and the Parties are ordered to proceed to consummate the settlement in accordance with the terms and provisions of the settlement agreement.

9. The Court hereby dismisses the action against Defendant with prejudice and without costs, and the releases specified in the Settlement Agreement are hereby approved and the claims released pursuant to those provisions are released and discharged as of the Effective Date as defined in the Settlement Agreement.

10. Members of the Settlement Class shall provide the release to Defendant and others as specified in the Settlement Agreement and such persons or entities are released from the aforementioned claims of the Class Members who have not opted out of the settlement.

11. The amount of attorney fees to be awarded to Class Counsel will be determined after further briefing. The determination of attorney fees will not delay making distributions to Class Members and Named Plaintiff.

12. Paragraphs 12 and 18 of the parties' Settlement Agreement are modified as follows: Within 5 days after the entry of this order, defendant shall cause the $1,000,000.00 Settlement Fund to be transferred to Class Counsel. Class Counsel shall hold the Settlement Fund in a client trust account in trust for the Settlement Class and shall distribute it only as approved by the Court. Remaining funds after disbursements to Class Members shall be held by Class Counsel until disbursed to pay Class Counsel's attorney fees and as a *cy pres* or by court order.

13. The Court awards an incentive award in the amount of $5,000.00 to Glen Ellyn Pharmacy, Inc. for its service as class representative on behalf of the Class. This amount shall be paid in accordance with the terms of the Settlement Agreement.

14. Settlement Fund payments shall not be distributed to Class Members and Named Plaintiff until 35 days after entry of this Order.

15. Funds remaining after payment of all amounts in accordance with the terms of the Settlement Agreement, shall be paid as a *cy pres* distribution. Determination of the recipient(s) of the *cy pres* determination is reserved. Counsel shall invite the American Cancer Society and the Women's Dermatologic Society to make application, if so desired, for a *cy pres* grant within 21 days after this order. Other grant applications may also be submitted for consideration.

16. Class Counsel shall file an accounting with the Court as to the disbursements of the settlement payment made and the balance of funds in their trust account on or before February 9, 2012.

17. Without affecting the finality of this order, jurisdiction is hereby retained over this action, the parties, and the Class Members for all matters relating to the action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Final Approval Order.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 19, 2011