IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 968 |
| | ) |
| LA ROCHE-POSAY, LLC, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

The case is before the court for consideration of applications for *cy pres* distribution of the remainder of a settlement fund. This class action was brought for violation of the Telephone Consumer Protection Act ("TCPA"), alleging that defendant improperly sent unsolicited faxes advertising sun-screen skin products. Solicitations went to business such as named plaintiff Glen Ellyn Pharmacy, Inc., as well as other potential consumers. The parties entered into a settlement agreement which was preliminarily approved on June 2, 2011, and, after notice to the class, finally approved after an October 13, 2011 fairness hearing. A final approval order was entered dated October 19, 2011.

The parties agreed on a settlement fund of $1 million dollars, from which a full statutory damage payment of $500 would be paid to each claimant. This has been done, and 816 claimants have each received a payment. The remainder of the settlement fund, after the allowance of attorneys fees and expenses, *see* Docket Entry [34], is to be distributed *cy pres*. As of February 9, 2012, after distribution of all payments and taking into account checks that were not cashed, $335,500 remained for a *cy pres* distribution. The final settlement agreement as revised and the order approving the settlement provides that the court will make the final determination with respect to any *cy pres* distribution, after an opportunity for the submission of grant applications. Six applications have been submitted to the court, and each merits consideration.

The authority to make *cy pres* grants to dispose of the remainder of a class action settlement fund is well established. See **In re Folding Carton Antitrust Litig.**, 744 F 2d 1252, 1254 (7th Cir. 1984); **Houck on behalf of U.S. v. Folding Carton Admin. Comm.**, 881 F.2d 494, 496-97, 502-03 (7th Cir. 1989). However, a court making such grants must find a rational benefit relationship between a grant recipient and the plaintiff class--here a consumer class. Also, awards should be made on the basis of shown needs.

1. The first applicant for a grant (and the one originally nominated by the parties) is the **Women's Dermatologic Society**. The Society sponsors public

education about the danger of developing skin cancer, including the risks of sun exposure. This program fits well with the subject of the litigation. The proposal does not specify a fixed sum but does describe a number of national programs which require substantial expenditures. This applicant will be granted $50,000, as well as any remainder after distribution to all applicants, which is expected to be an additional $5,500.

2. The **Institute of Consumer Antitrust Studies** of the Loyola University of Chicago School of Law proposes a grant to fund the study of the law, regulations, and litigation relating to the TCPA. The findings of this study would be made available to the public and the legal profession. To this court's knowledge, no such specific study has been made, notwithstanding considerable litigation in this area. This applicant will be granted $80,000.

3. The **Legal Assistance Foundation of Metropolitan Chicago** requests a grant to support its free services. The Legal Assistance Foundation frequently assists and represents consumers in this and other courts. It also staffs a *pro se* help desk for this court and the bankruptcy court. This applicant will be granted $50,000.

4. **The Family Defense Center** is a nonprofit, public interest law firm that represents poor persons. It has lost funding from the cutback of programs. Its services to poor consumers in the area of family disputes is of benefit to the

community and governmental units. A grant will only partially offset recent cuts in its budget. This applicant will be granted $50,000.

5. **Chicago Coalition for the Homeless** requests funding for its Law Project. Many of the poor and young that it helps are consumers without the ability to obtain legal assistance. The Coalition maintains a legal hotline which is a unique way of providing assistance to the poor. This applicant will be granted $50,000.

6. The **AIDS Legal Council of Chicago** provides legal services to persons with HIV, often helping them to obtain medical treatment, including medical benefits and other payments for medical treatments. Skin disorders are common, and there is a growing need for various pharmaceuticals in this population. New drug therapies are being studied. A grant in the amount of $50,000 will be made to this applicant. The granted funds may not be used for legislative or political advocacy of any kind.

The foregoing distributions shall be made within 7 days after today's order becomes final. Fourteen days after today's order becomes final, Class Counsel shall file a report showing that the distributions have been made.

IT IS THEREFORE ORDERED that the applications for *cy pres* distributions [35, 37, 39, 40, 41, 42] are granted in part and denied in part. Within 7 days after today's order becomes final, Class Counsel shall accordingly distribute

the *cy pres* funds. Within 14 days after today's order becomes final, Class Counsel shall file a report showing the distributions have been made.

ENTER:

*[signature: William T. Hart]*
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 23 , 2012